UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

*Electronically filed*

| | | |
|---|---|---|
| **John Doe**<br>**c/o Fauver Law Office**<br>**1752 Frankfort Avenue**<br>**Louisville, KY 40206,** | ) ) | |
| *Plaintiff*; | ) ) | |
| *v.* | ) ) | No. _____ |
| **Kentucky State University**<br>    Serve:  Attorney General, Andrew Beshear<br>            Office of the Attorney General<br>            700 Capital Ave, Ste 118<br>            Frankfort KY 40601 | ) ) ) ) ) | COMPLAINT |
| And | ) | AND |
| **Dr. M. Christopher Brown II,**<br>**Individually and in his capacity as President**<br>**of Kentucky State University**<br>Serve:  Attorney General, Andrew Beshear<br>        Office of the Attorney General<br>        700 Capital Ave, Ste 118<br>        Frankfort KY 40601 | ) ) ) ) ) ) ) ) | JURY DEMAND |
| And | ) ) | |
| **Brandon Williams, Individually and in his**<br>**capacity as Title IX Coordinator**<br>**for Kentucky State University**<br>Serve:  Attorney General, Andrew Beshear<br>        Office of the Attorney General<br>        700 Capital Ave, Ste 118<br>        Frankfort KY 40601 | ) ) ) ) ) ) ) ) | |
| And | ) ) | |
| **Justin Mathis, Individually and in his**<br>**capacity as Director of Admissions**<br>**of Kentucky State University** | ) ) ) | |

Serve:  Attorney General, Andrew Beshear )
           Office of the Attorney General )
           700 Capital Ave, Ste 118 )
           Frankfort KY 40601 **)**

       *Defendants*. **)**
_____

## COMPLAINT
_____

Comes the Plaintiff, John Doe[1] (hereinafter "Mr. Doe" or "Plaintiff"), by counsel, and for his Complaint against the Defendants Kentucky State University (hereinafter "KSU"), Dr. M. Christopher Brown II, Brandon Williams and Justin Mathis states herein as follows:

### INTRODUCTION

1. This is an action involving claims under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688 (hereinafter "Title IX") and various state law causes of action, arising out of sexual harassment.

### PARTIES, JURISDICTION AND VENUE

2. Mr. Doe is a citizen of the State of Ohio, who attended school in Franklin County Kentucky at Kentucky State University.

3. The Defendant KSU is a government educational institution with its primary campus in Frankfort, Kentucky.   KSU's campus is located in the region of the U.S.

---

[1] Plaintiff proceeds here under pseudonym consistent with other Federal Courts' treatment of party names in highly sensitive sexual assault cases that arise under Title IX of the Education Amendments, *see e.g. Doe v. Erskine College*, Case No. 8:04-23001, 2006 WL 1473853 (D.S.C. May 25, 2006), and to protect the privacy, safety, and educational opportunities of Plaintiff.   Defendants are aware of the identity of the Plaintiff and will not be otherwise prejudiced by proceeding in this fashion.   If needed, Plaintiff will seek other appropriate relief from the Court to continue to proceed in this fashion and to otherwise protect his anonymity throughout the instant litigation.

District Court in the Eastern District of Kentucky, at Frankfort. Defendant KSU is a legal entity created as a land grant institution in 1886 and located in Franklin County, Kentucky.

4. The Defendant Dr. M. Christopher Brown II is employed in Franklin County, Kentucky and during all times relevant to this Complaint, Defendant Brown served as President of KSU. As President of KSU, Defendant Brown has a legal duty to ensure KSU's compliance with the requirements of Title IX. Furthermore, it is believed Defendant Brown is the superior of the University representative assigned to Mr. Doe's case, initially Joseph Goodman.

5. Defendant Brandon Williams is employed in Franklin County, Kentucky and it is believed that during all times relevant to this Complaint, Defendant Williams served as Title IX Coordinator at KSU. The Defendant Williams has a legal duty to ensure KSU's compliance with the requirements of Title IX.

6. Defendant Justin Mathis is employed in Franklin County, Kentucky and during all times relevant to this Complaint, Defendant Mathis served as Director of Admissions at KSU. Defendant Mathis was the University representative who sexually harassed the Plaintiff.

7. Defendant KSU receives federal funding and financial assistance within the meaning of 20 U.S.C. §§ 1681 (a) and is otherwise subject to Title IX.

8. This Court has subject matter jurisdiction pursuant to 28 U.S. §§ 1331 and 1343.

9. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over: (a) any civil action authorized by

–3–

law to be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

10. Plaintiff brings this action to redress a hostile educational environment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681-1688, as more fully set forth herein as well as state law claims.

11. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's state law claims because they "form part of the same case or controversy."

12. The amount in controversy exceeds the minimum jurisdictional limits of this Court exclusive of interest and costs.

13. Venue is proper in the Frankfort Division of the U.S. District Court in the Eastern District of Kentucky pursuant to 28 U.S.C.§ 1391(b)(1) and (2) because, *inter alia*, upon information and belief these Defendants reside and work in Franklin County in the Eastern District of Kentucky and are subject to this Court's personal jurisdiction.

14. All conditions precedent to the maintenance of this suit and Plaintiff's claims have occurred or been affirmed.

### General Allegations
#### SUMMARY

### A. The Plaintiff is accepted to and enrolls at KSU

15. While a student at KSU, the Plaintiff had an online conversation with someone who was a professor at KSU and as soon as he found that out, he told the professor to stop contacting him.

16. When the professor continued, he reported the matter on September 8, 2017 by sending a letter to the Defendant Brown whereupon KSU employee Joseph Goodman, Student Support Service Director) informed the Plaintiff that the professor would no longer contact the Plaintiff.

17. On September 29, 2017 the Plaintiff went to Washington D.C. with the Defendant Mathis for a new student recruitment trip.   The Plaintiff was told that he would have his own room at this trip.

18. Upon arrival the Plaintiff found that his room had been canceled and he was told he had to room with Defendant Mathis.   The night of September 29, 2017 and into the morning of September 30, 2017, Defendant Mathis made multiple comments to the Plaintiff that were sexual in nature and refused to book the additional room for the Plaintiff until one of the Plaintiff's friends sent Mathis a message telling him to get another room or they would have to report him.

19. On October 1, 2017, the Plaintiff reported the incident(s) to Admissions Administrative Assistant Asiah Tyner.

20. After that time Defendant Mathis continued to send the Plaintiff messages that were sexual in nature.

21. That the Plaintiff's mother contacted Defendant Brown on February 27, 2018 to ask if they were going to address the sexual harassment by the Defendant Mathis.

21. To the best of the Plaintiff's knowledge the issue was not investigated until March 1, 2018, by Defendant Williams and that investigation was only in relation the Professor that had previously contacted him, not in regards to Defendant Mathis.

22. That prior to September 2017, the Plaintiff was a Junior at KSU and was a student who was on the Ambassador Team at KSU, which means that he took prospective students on tours of the campus and answered questions about the University.

**B. The Plaintiff begins to suffer socially and academically as a result of the sexual harassment.**

23. That in light of the fact that KSU did not investigate the incident with Defendant Mathis, to the Plaintiff's knowledge, the Plaintiff does not feel that he can finish out his education at KSU as he has been sexually harassed by employees of KSU.

24. That he moved home and no longer attends KSU at this time.

25. That whenever a student transfers to another University, there are additional stressors and costs on the student.

**C. The Defendants' clearly unreasonable response to Plaintiff's various reports of sexual**

**Harassment caused him to experience a loss of educational opportunities**

23. Conclusively, Title IX and basic principles of state tort law such as negligence, require that a school provide prompt and equitable resolution of sexual harassment complaints and provide reasonable accommodations so that students do not suffer from further effects of sex discrimination. However, Defendant KSU's process, in handling Plaintiff's cases, can be described as anything but prompt and equitable. It took Defendant KSU over

five months to finally investigate Plaintiff's initial complaint of sexual harassment. Throughout that time, Plaintiff suffered by not having a contact order issued, as Title IX allows, pending the closure of a claim.

24. Due to the actions (or inactions) of the Defendants, the Plaintiff experienced a loss of educational opportunities, including but not limited to a loss of an educational space to safely study, a loss of social rights and protections, a loss of feeling safe while on campus, a loss of time correlated with Plaintiff's academic preparation and success due to KSU's failure to provide a prompt and equitable resolution to Plaintiff's Title IX complaint against Defendant Mathis. In addition, Plaintiff has suffered great emotional pain and suffering.

## COUNTS AGAINST DEFENDANT KSU

## COUNT I:

### Violation of Title IX-20 U.S.C. § 1681 (a) (Clearly Unreasonable Response)

25. Plaintiff re-alleges and incorporates the allegations set forth above in paragraphs 1- 24 as though fully set forth herein.

26. Defendants had actual knowledge of Plaintiff's sexual harassment and discrimination at the hands of her perpetrator.

27. The discrimination, consisting of Defendant Mathis sexual harassment on a KSU sanction trip against Plaintiff, the risks to Plaintiff's safety, the physical and mental harm caused to the Plaintiff, and Defendants' responses to Plaintiff's grievance was so lacking that it barred Plaintiff's access to educational opportunities and benefits.

28.     The Plaintiff was subjected to the discrimination because of the Defendants' deliberate indifference to known acts of harassment, discrimination and retaliation, including, without limitation:

> (a)     Defendants' deliberate decision to not provide Plaintiff with safety measures and accommodations so that he could safely pursue his studies and enjoy the traditional benefits of a college education, including social functions and events;
>
> (b)     Defendants lack of investigation of the complaint for five months before an investigation was started, thereby putting an undue burden on Plaintiff and requiring him to recall the traumatic experience months after it occurred;

29.     Had Defendants not been deliberately indifferent to Plaintiff's harassment, discrimination and retaliation, and instead complied with their own policies and federal law by promptly investigating Plaintiff's complaint and providing reasonable accommodations for Plaintiff's safety, Plaintiff would not have been deprived of equal educational opportunities.

30.     Because of Defendants' deliberate indifference, Plaintiff has suffered losses of educational opportunities and benefits along with injuries, damages and losses, including, but not limited to: emotional distress, fear, anxiety and trauma, damage to and delays in pursuit of higher education.

**WHEREFORE,** Plaintiff respectfully demands judgment against Defendants awarding:

(a) Damages in amounts to be established at trial, including, without limitation, reimbursement and prepayment for all of Plaintiff's tuition and related expenses; payment of Plaintiff's expenses incurred as a consequence of the sexual harassment; damage for deprivation of equal access to the educational benefits and opportunities provided by KSU; and damages for past, present and future emotional pain and suffering, ongoing and severe mental anguish, and loss of past, present and future enjoyment of life;

(b) Injunctive relief to be determined at trial requiring KSU to comply with federal law under Title IX;

(c) Pre- and post-judgment

interest

(d) Costs;

(e) Attorneys' fees pursuant to 42 U.S.C. § 1988(b); and

(f) Such other and further relief as the Court may deem just and proper.

## COUNT II:

**Violation of Title IX-20 U.S.C. § 1681 (a) (Hostile Educational**

**Environment)**

31. Plaintiff re-alleges and incorporates the allegations set forth above in paragraphs 1- 30 as though fully set forth herein.

32. Plaintiff was subjected to physical sexual harassment and sexual discrimination and that was so severe, pervasive and objectively offensive that he was denied access to educational opportunities and benefits.

33. For Plaintiff, KSU became a sexually hostile environment where his perpetrator roamed free and could turn up at any moment.

34. Defendants were deliberately indifferent to Plaintiff's known sexual harassment and the sexually hostile educational environment in which he suffered as a result of its failure to institute reasonable accommodations for the Plaintiff's safety as well as mental well-being, including but not limited to: (i) excluding his perpetrator from campus; and (ii) providing Plaintiff a safe space to study in the library.

35. As a result of Defendants' deliberate indifference, Plaintiff was deprived of equal educational opportunities at KSU.

36. Because of the ongoing sexually hostile environment that Defendants deliberately failed to address, Plaintiff suffered losses of educational opportunities and benefits, along with injuries, damages and losses, including but not limited to: damage to and delays in pursuit of higher education; and fear, anxiety, trauma and emotional distress.

**WHEREFORE,** Plaintiff respectfully demands judgment against Defendants awarding:

(a) Damages in amounts to be established at trial, including, without limitation, reimbursement and prepayment for all of Plaintiff's tuition and related expenses; payment of Plaintiff's expenses incurred as a consequence of the sexual assault; damage for deprivation of equal access to the educational benefits and opportunities provided by KSU; and damages for past, present and future emotional pain and suffering, ongoing and severe mental anguish, and loss of past, present and future enjoyment of life;

(b) Injunctive relief to be determined at trial requiring KSU to comply with federal law under Title IX;

(c) Pre- and post-judgment interest;

  (d)  Costs;

  (e)  Attorneys' fees pursuant to 42 U.S.C. § 1988(b); and

  (f)  Such other and further relief as the Court may deem just and proper.

## **COUNTS AGAINST DEFENDANTS KSU, BROWN, WILLIAMS AND MATHIS**

## **COUNT: III**

### **Negligence**

37. Plaintiff re-alleges and incorporates the allegations set forth above in Paragraphs 1-36 as though fully set forth herein.

38. Defendants knew of the wrongful conduct of the perpetrators and/or their propensities to act in a dangerous, reckless, offensive and/or harmful manner. Upon learning of the sexual harassment, Defendants should have immediately begun an investigation as well as put reasonable safeguards in place to protect Plaintiff's interests.

39. Defendants negligently failed to supervise, investigate and reprimand Defendant Mathis and failed to take reasonable steps to ensure Plaintiff could safely continue his education at KSU.

40. Defendants also failed to ensure that throughout the process Plaintiff was not further traumatized and re-victimized.

41. As a proximate result of said negligence, Plaintiff incurred the damages described herein.

  **WHEREFORE,** Plaintiff respectfully demands judgment against Defendants awarding:

  (a)  Damages in amounts to be established at trial, including, without limitation, reimbursement and prepayment for all of Plaintiff's

tuition and related expenses; payment of Plaintiff's expenses incurred as a consequence of the sexual harassment; damages for deprivation of equal access to the educational benefits and opportunities provided by KSU; and damages for past, present and future emotional pain and suffering, ongoing and severe mental anguish, and loss of past, present and future enjoyment of life;

(b) Injunctive relief to be determined at trial requiring KSU to comply with federal law under Title IX;

(c) Pre- and post-judgment

interest;

(d) Costs;

(e) Attorneys' fees pursuant to 42 U.S.C. § 1988(b); and

(f) Such other and further relief as the Court may deem just and proper.

## COUNT IV:

## Negligent Hiring, Training and Supervision

42. Plaintiff re-alleges and incorporates the allegations set forth above in Paragraphs 1-41 as though fully set forth herein.

43. Based on the aforementioned facts and circumstances, Defendants KSU, Brown and Williams had supervisory authority over Mathis and other KSU employees and/or agents.

44. Based upon the aforementioned facts and circumstances, Defendants Brown, Williams and other KSU employees and/or agents failed to comply with the policies and procedures required of Title IX as well as KSU policies and procedures relating to sexual misconduct, assault and harassment.

45. Furthermore, Defendant KSU and Defendant Brown had supervisory authority over Defendants Williams and Mathis and negligently hired, trained, and supervised them due to Defendant Williams' failure to comply with the requirements of Title IX procedures relating to sexual misconduct, assault and harassment.

46. As a proximate result of said negligence, Plaintiff incurred the damages described herein.

## COUNT V:

### Breach of Contract

47. Plaintiff re-alleges and incorporates the allegations set forth above in Paragraphs 1- 46 as though fully set forth herein.

48. Based on the aforementioned facts and circumstances, Defendant KSU breached express and/or implied agreement(s) with Plaintiff.

49. KSU's acceptance of Plaintiff into a degree program at KSU and his subsequent enrollment and payment of tuition fees created an express contract, or alternatively, a contract implied in law or in fact and the parties' reasonable expectations.

50. The contract formed between Defendant KSU and Plaintiff contained the following provisions, among others, that expressly guarantee certain rights to a student:

> KSU is committed to maintaining the campus community as a place of work and study for students, free from harassment, intimidation, and exploitation. The University does not tolerate behavior that constitutes sexual or other unlawful harassment. Harassment in any form, including verbal and physical conduct, visual displays, threats, demands and retaliation is unlawful and will not be tolerated. It is University policy that any form of harassment on the basis of sex, race,

>national origin, religion or other categories protected by law or other forms of harassment of or abusive treatment not be tolerated at the Kentucky State University. 2

51. Plaintiff asserts that KSU, amongst other things, breached these guarantees in failing to provide him reasonable accommodations so he felt he could safely study on campus, taking an inexcusably long time to hold the Sexual Misconduct Hearing Panel and failing to ensure the hearing was fair and impartial and followed internal policies and procedures.

52. Defendants failed to provide Plaintiff with an environment free from gender-based harassment and discrimination when it failed to take immediate action after Plaintiff reported the sexual assault to ensure he was protected and received adequate assistance.

52. As set forth above, Defendants materially breached these guarantees of providing an environment free from gender-based discrimination and other contractual provisions as elucidated above.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks a judgment against Defendants as follows:

a) An Order enjoining Defendants, along with all of KSU's agency, employees, and those acting in concert therewith, from unlawful discrimination on the basis of sex, including the failure to address, prevent, and/or remedy sexual harassment;

b) Injunctive relief requiring KSU to address its violations of Title IX, including (1) instituting, with the assistance of outside experts, and enforcing a comprehensive

---

2 Kentucky State University, Student Handbook, page 12

sexual harassment policy, including procedures for effective reporting of sexual harassment incidents, an effective and immediate crisis response, and an expanded victim assistance and protection program; (2) adopting a real "zero tolerance policy" under which there will be expedited proceedings and punishment proportional to the offense for violation of sexual harassment policies; and (3) extensive training of KSU faculty and staff regarding the issue of sexual assault and how to properly address the situation with students.

c)  An award of damages against both Defendants in an amount to be established at trial, including, without limitation, reimbursement and prepayment for Plaintiff's tuition or related expenses; payment of Plaintiff's expenses incurred as a consequence of the sexual harassment; damages for deprivation of equal access to educational benefits and opportunities provided by KSU; damages for past, present and future emotional pain and suffering; ongoing and severe mental anguish; and loss of past, present and future enjoyment of life;

d)  An award of pre- and post-judgment interest;

e)  An award of costs and attorney fees, pursuant to 42 U.S.C. § 1988(b);

and

f)  Such other relief as is just and equitable.

### JURY DEMAND

Plaintiff respectfully demands a trial by jury as to all matters so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Shannon Fauver
Fauver Law Office, PLLC

–15–

1752 Frankfort Avenue<br>
Louisville KY 40206<br>
shannon@fauverlaw.com<br>
*Counsel for Plaintiff, John Doe*