UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No: 3:18-cv-00061-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| KENTUCKY STATE UNIVERSITY, et al., | ) ) ) | **MEMORANDUM OPINION & ORDER** |
| Defendants, | ) ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff John Doe brings suit against Kentucky State University and a handful of its employees pursuant to Title IX and Kentucky state law. Defendant Justin Mathis has moved for dismissal pursuant to Rule 12(b)(6) of Count Three of the Complaint, but only as against him in his individual capacity. Mr. Mathis argues that he is not bound by the tolling agreement executed by John Doe and Defendant KSU, and that therefore, the negligence claim against him in Count Three is barred by the applicable statute of limitations. The Court agrees. Accordingly, for the following reasons, Defendant's Motion to Dismiss is GRANTED.

**I**

Plaintiff John Doe was a student at Kentucky State University in Frankfort, Kentucky. [R. 1.] Between September 27, 2017 and September 30, 2017, Mr. Doe traveled to Washington, D.C. with Kentucky State personnel as part of a new student recruitment trip. [R. 1 at ¶ 17.] Defendant Justin Mathis was Director of Admissions at KSU at the time and was also part of the recruitment trip. [R. 1 at ¶¶ 17–18.] While in D.C., Mr. Doe alleges that Mr. Mathis sexually

harassed him, and attempted to coerce Mr. Doe into sharing a hotel room with him.

Later, on August 22, 2018, Mr. Doe entered into an agreement with Kentucky State University and its counsel, Attorney Lisa Lang, tolling the statute of limitations and extending his time to initiate suit until November 1, 2018. The Agreement states "[t]he claimant and the Defendants agree . . . to toll any and all applicable statutes of limitations as it relates to Title IX and sexual harassment issues, including claims for negligent hiring, training, retention and supervision of employees for filing suit by the Claimant against the Defendants[,]" and purports to bind "Kentucky State University and its employees, officers, principals, members, partners and/or agents individually." [R. 16-1.] Mr. Doe initiated this lawsuit on November 1, 2018, in accordance with the agreement, and included claims against Mr. Mathis in both his official and individual capacity.

Defendant Justin Mathis moves to dismiss the claim against him in his individual capacity, because he asserts it is barred by the statute of limitations. Mr. Mathis states that he was not party to the agreement tolling the statute of limitations that Mr. Doe entered into with KSU, and in fact was not even a KSU employee at the time. Mr. Mathis argues that KSU did not have the authority to enter this agreement on his behalf, and that there was no reason for Mr. Doe to believe KSU had such authority. Therefore, Mr. Mathis believes that the agreement is void as to the claim against him in his individual capacity, and the same must be dismissed.

## II

### A

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in

favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). See also *Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009). Dismissal pursuant to Rule 12(b)(6) is appropriate where the Court can determine from the face of the complaint that the statute of limitations has run. *Am. Premier Underwriters, Inc. v. AMTRAK*, 839 F.3d 458, 464 (6th Cir. 2016).

**B**

The parties agree that Plaintiff's claims are subject to a one-year statute of limitations, and that the accrual date for the cause of action was between September 27, 2017 and September 30, 2017. K.R.S. § 413.140(1)(a). The complaint was not filed until November 1, 2018. [R. 1.] Whether the complaint was timely filed as to Mr. Mathis, then, depends upon whether Mr. Mathis was, in his individual capacity, bound by the tolling agreement executed in August 2018. If not, then the statute of limitations has run as to the clam against him in his individual capacity, and it must be dismissed.

According to Kentucky law, "written agreements entered in good faith and at arms length to extend limitations periods for the filing of civil actions . . . shall be valid and enforceable according to their terms." K.R.S. § 413.265. Mr. Doe asserts that Mr. Mathis is bound by the tolling agreement in this case, regardless of whether he was aware of the agreement, because "the tolling agreement specifically addresses any possible causes of actions against the

3

Defendants" and "he can still be sued as he was an employee of the Defendant Kentucky State University during the dates at issue in this lawsuit." [R. 16 at 2.]

A claim against Mr. Mathis in his official capacity as Dean at KSU is functionally equivalent to a claim against KSU itself, because "individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Therefore, Defendant Mathis does not argue that KSU could not toll the statute of limitations relating to a suit against him in his official capacity as their employee. Individual capacity suits, however, seek to impose personal liability against a defendant. Thus, "a victory in a personal capacity action is a victory against the individual defendant, rather than against the entity that employs him." *Kentucky v. Graham*, 473 U.S. 159, 167–68 (1985). For that reason, Mr. Mathis argues that neither KSU nor its counsel, Lisa Lang, had the authority to bind him in the tolling agreement. The Court agrees.

First, neither Mr. Mathis' signature nor that of his counsel appears on the tolling agreement. [R. 16-1.] Attorney Lisa Lang, whose name does appear on the agreement, is a member of KSU's General Counsel Office. *Id.* And while the other defendants, Dr. Christopher Brown and Brandon Williams, are represented by KSU attorneys in both their official and individual capacities, Mr. Mathis has sought his own counsel. [R. 13.] Second, Mr. Mathis was no longer employed by KSU at the time the agreement was executed, and it seems he was not even aware the agreement existed until this suit was filed. [R. 18-1 at 1.] Indeed, Mr. Mathis could not even be located for service of process, and it required a warning order attorney be appointed on his behalf to apprise him of this lawsuit. [R. 11.] While KSU is at liberty to toll limitations with respect to suits against Mr. Mathis in his Official Capacity as Director of Admissions, there is no suggestion in law or fact that this ability extends to suits against Mr.

Mathis personally. For the foregoing reasons, Mr. Mathis' Motion to Dismiss [R. 14] is GRANTED.

### III

An agreement to toll the applicable statute of limitations does not bind defendants who are not parties to the agreement. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Justin Mathis' Motion to Dismiss **[R. 14]** is **GRANTED**;

2. Plaintiff John Doe's state law claim of negligence in Count Three of the Complaint [R. 1] against Defendant Justin Mathis in his individual capacity is **DISMISSED**.

This the 9th day of December, 2019.

Gregory F. Van Tatenhove
United States District Judge